## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NICOLE OWENS,

      Plaintiff,

v.

STATE OF GEORGIA,
GOVERNOR'S OFFICE OF
STUDENT ACHIEVEMENT,

      Defendant.

CIVIL ACTION FILE NO:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Nicole Owens ("Plaintiff" or "Ms. Owens"), by and through counsel, hereby files this Complaint against the State of Georgia, Governor's Office of Student Achievement ("GOSA"), and alleges as follows:

### INTRODUCTION

1.

This is an action to recover for intentional disability discrimination and retaliation in violation of Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Section 504"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq.* ("ADAAA"). This is also an action for gender/pregnancy discrimination

arising because GOSA terminated Ms. Owens' employment due to her pregnancy and/or pregnancy-related medical conditions in violation of the pregnancy provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(k) ("Title VII," the "Pregnancy Discrimination Act," or "PDA").  Ms. Owens was a Web Content Specialist with GOSA.  She is suing because she was denied accommodations and, ultimately, terminated from her job on account of her pregnancy-related disability and because her supervisors did not wish to continue accommodating her.  Ms. Owens is seeking reinstatement, back pay, compensatory damages, and attorney's fees to remedy these violations of federal law.

### JURISDICTION AND VENUE

2.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), and 29 U.S.C. §794a, 42 U.S.C § 2000e-5(f)(3), and 42 U.S.C § 2000d-7 (Rehabilitation Act).

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices and the violations of Plaintiff's rights alleged below were committed in this judicial district and division.

## PARTIES

4.

Plaintiff Nicole Owens is a legal resident and citizen of the United States and of the State of Georgia. During the relevant time period, Ms. Owens was an employee of the Governor's Office of Student Achievement. Ms. Owens submits herself to the jurisdiction of this Court.

5.

Ms. Owens was, at all times relevant hereto, an employee within the meaning of Title VII, the PDA.

6.

Ms. Owens is and, at all times relevant hereto, was an individual with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 705(9) (B) and (20)(B), which incorporates by reference the standards of the Americans with Disabilities Act, as amended in 2008 ("ADAAA").

7.

Ms. Owens also satisfies the requirements for being "regarded as disabled" as defined in the ADAAA at 42 U.S.C. §§12102(1) and (3) and incorporated into the Rehabilitation Act, in that she has had an actual or perceived physical

impairment because of her high-risk pregnancy and delivery complications.

72.

In addition, or alternatively, Ms. Owens has a Section 504 disability as defined in the ADAAA at 42 U.S.C. §12102 (1)(A) in that she has a physical and mental impairment that substantially limits her in one or more major life activities or major bodily functions.

73.

In addition, or alternatively, Ms. Owens has a Section 504 disability as defined in the ADAAA at 42 U.S.C. §12102(A) and 42 U.S.C. §12102 (4)(E)(I) in that she has physical and mental impairments that, without regard to the ameliorative effects of mitigating measures such as medication, surgery and surgical corrections, substantially limit her in one or more major life activities or major bodily functions.

74.

In addition, or alternatively, Ms. Owens has a Section 504 disability as defined in the ADAAA at 42 U.S.C. §12102(B) in that she had a record of one or more physical impairments that substantially limit her in one or more major life activities or major bodily functions.

75.

At all relevant times, Ms. Owens was and is a "qualified individual" as defined by 42 U.S.C. §12111(8) of the ADAAA and §504 of the Rehabilitation Act because she was able to perform the essential functions of her position, with or without reasonable accommodation.

8.

Defendant the Governor's Office of Student Achievement ("GOSA") is an entity subject to suit with its principal place of business located at 205 Jesse Hill Jr Drive., Suite 952, East Tower, Atlanta, Georgia 30334.  GOSA may be served by delivering process to its Executive Director, Joy Hawkins.

9.

The Governor's Office of Student Achievement is the state's P-20 agency tasked with increasing student achievement, school completion, and life opportunities for all Georgia students.

10.

The Governor's Office of Student Achievement constitutes programs or activities receiving federal financial assistance as defined by the Rehabilitation Act, 29 U.S.C. § 794(b).

11.

As a recipient of federal funding, GOSA, is subject to the requirements of Section 504, including the requirement that it not subject otherwise qualified individuals with disabilities to discrimination on the basis of disability.

12.

Defendant GOSA, is an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12101 *et seq.*, as incorporated by the Rehabilitation Act 29 U.S.C. § 794(d), and Title VII, 42 U.S.C. § 2000e, because it engaged in commerce or in an industry affecting commerce within the meaning of the ADAAA and Title VII and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

### ADMINISTRATIVE PROCEEDINGS

13.

Ms. Owens filed a charge of discrimination with the Equal Employment Opportunity Commission and against Defendant within 180 days of the occurrence of the acts of which she now complains.

14.

On October 2, 2019, Ms. Owens received her Notice of Right to Sue from the Equal Employment Opportunity Commission and this lawsuit is filed within ninety (90) days of receipt of that notice.  Thus, Ms. Owens has exhausted her

administrative remedies.

## STATEMENT OF FACTS

### 15.

Ms. Owens was employed by GOSA as a Web Content Specialist from June 1, 2016 through October 11, 2018.

### 15.

In December 2017, Ms. Owens learned she was pregnant and disclosed her pregnancy to GOSA.

### 16.

Ms. Owens's entire pregnancy was high-risk and caused her to miss work on a weekly basis.

### 17.

Ms. Owens's high-risk pregnancy and delivery complications qualify as a disability under the ADAAA for which she was entitled a reasonable accommodation.

### 18.

Ms. Owens took Family and Medical Leave Act leave to cover her pregnancy-related absences and teleworked for a good part of her pregnancy.

19.

On or about July 18, 2018, Ms. Owens gave birth by Cesarean section and took FMLA through August 6, 2018.

20.

On August 6, 2018, because of complications with Ms. Owens' childbirth, her doctor requested that she be permitted to telework as a reasonable accommodation for her pregnancy related disability and she did so from August 6, 2018 through her termination in October 2018.

21.

On September 11, 2018, Ms. Owens provided GOSA with a doctor's note extending her request for reasonable accommodation to telework to November 5, 2018.

22.

Sometime after Ms. Owens gave notice to GOSA of her continued need for reasonable accommodation, GOSA sent Ms. Owens further paperwork for her doctor to complete relating to her request for reasonable accommodation.

23.

On or about September 20, 2018, Felicia Lowe, Human Resources, told Ms. Owens that she needed more medical information from her doctor to support her request for reasonable accommodation.

24.

Ms. Lowe specifically told Ms. Owens that "GOSA needed to ensure that this was medically advised and not just her own personal preference."

25.

At the time GOSA gave Ms. Owens the extra paperwork, it did not give her a deadline to submit the additional accommodation documentation.

26.

Ms. Owens' spoke with her supervisor on multiple occasions apprising her of the difficulty she was having getting her doctor to complete the additional paperwork.

27.

Ms. Owens also followed up with Kaiser, her healthcare provider, daily to determine the status of the extra paperwork.

28.

On October 3, 2018, GOSA sent Ms. Owens a letter informing her that if she could not get her doctor to complete the extra paperwork by October 10, 2018, she would have to return to work in the office even though she had not been returned to work by her doctor.

29.

Ms. Owens continued to communicate daily with GOSA and Kaiser to try to get the paperwork completed and informed GOSA of her inability to do so.

30.

On October 11, 2018, GOSA terminated Ms. Owens.

31.

GOSA knew at the time it terminated Ms. Owens, that her doctor had not medically released her to return to the office until November 5, 2018 and that she needed to telework until that time.

32.

Ms. Owens was terminated for alleged failure to return from leave.

33.

At the time GOSA terminated Ms. Owens, she was not actually on leave but was teleworking and had been for some time.

34.

GOSA terminated Ms. Owens' employment, rather than grant her the reasonable accommodation requested by her doctor that permitted her to telework through November 5, 2018.

35.

Defendant's actions were done intentionally, willfully and in a bad faith violation of Ms. Owens' rights under the Rehabilitation Act and Title VII.

36.

The effect of the above-stated actions has been to deprive Ms. Owens of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for these illegal actions.

37.

The effect of Defendant's above-stated actions, by and through GOSA's officers and managers, has also caused Ms. Owens out-of-pocket losses, including attorney's fees, and mental and emotional distress for which she seeks compensation.

**COUNT ONE**
**VIOLATION OF THE REHABILITATION ACT – ACTUAL DISABILITY**

38.

Ms. Owens incorporates by this reference all the preceding paragraphs of the Complaint.

39.

At all times relevant hereto, Defendant has been subject to the requirements of Section 504 of the Rehabilitation Act as amended by the ADAAA.

40.

At all times relevant hereto, Ms. Owens was an individual with a disability as defined under the Rehabilitation Act.

41.

Moreover, at all times relevant hereto, Ms. Owens has been a qualified individual with a disability as that term is defined under the Rehabilitation Act in that she was able to perform the essential functions of her job either with or without accommodation.

42.

At all times relevant hereto, Defendant, through the officers and managers at GOSA, was aware of Ms. Owens' disability and her ability to perform her job with or without accommodations.

43.

Despite her ability to perform her job with or without accommodation, Ms. Owens was fired, which termination was done on account of Ms. Owens' disability and in order to avoid further accommodation of Ms. Owens' disability.

44.

Defendant's actions, by and through the officers and managers at GOSA, amount to a violation of Section 504 of the Rehabilitation Act, which prohibits discrimination on the basis of disability in any program that is the recipient of Federal funding.

45.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Owens has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

46.

In addition, Defendant's actions have caused, continue to cause, and will cause Ms. Owens to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**COUNT TWO**
**VIOLATION OF THE REHABILITATION ACT – REGARDED AS DISABLED**

47.

Ms. Owens incorporates by this reference all the preceding paragraphs of the Complaint.

48.

At all times relevant hereto, Defendant has been subject to the requirements of Section 504 of the Rehabilitation Act as amended by the ADAAA.

49.

At all times relevant hereto, Ms. Owens was an individual with a disability as defined under the Rehabilitation Act inasmuch as she was regarded as a person with an impairment as defined by the Act as amended.

50.

Moreover, at all times relevant hereto, Ms. Owens has been a qualified individual with a disability in that she was able to perform the essential functions of her job either with or without accommodation.

51.

Despite her qualifications, Ms. Owens was discharged in violation of Section 504 of the Rehabilitation Act as amended by the ADAAA at 42 U.S.C. §12102(1)(C) and (3) which prohibits discrimination against qualified individuals because of an actual or perceived physical impairment.

52.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Owens has suffered out of pocket losses and has been deprived of job-related

economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

53.

In addition, Defendant's actions have caused, continue to cause, and will cause Ms. Owens to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**COUNT THREE**
**VIOLATION OF THE REHABILITATION ACT – RECORD OF DISABILITY**

54.

Ms. Owens incorporates by this reference all the preceding paragraphs of the Complaint.

55.

At the time of her termination, Ms. Owens had a record of disability as defined by Section 504 of the Rehabilitation Act in that she had a history of substantially limiting physical impairments.

56.

Defendant had knowledge of Ms. Owens's record of disability, including her physical impairments through the officers and managers of GOSA.

57.

Moreover, at all times relevant hereto, Ms. Owens has been a qualified individual with a disability in that she was able to perform the essential functions of her job either with or without accommodation.

58.

Despite her qualifications, Ms. Owens was discharged in violation of Section 504 of the Rehabilitation Act which prohibits discrimination against qualified individuals because of disability, including having a record of disability.

59.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Owens has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

60.

In addition, Defendant's actions have caused, continue to cause, and will cause Ms. Owens to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT FOUR
### VIOLATION OF THE REHABILITATION ACT –
### DISCRIMINATION BASED ON THE NEED TO REASONABLY ACCOMMODATE

61.

Ms. Owens incorporates by this reference all the preceding paragraphs of the Complaint.

62.

At the time of her termination, Ms. Owens had a disability and/or record of disability as defined by Section 504 of the Rehabilitation Act.

63.

While working for GOSA, Ms. Owens was entitled to a reasonable accommodation for her disability and/or record of disability under Section 504 of the Rehabilitation Act.

64.

At the time Ms. Owens was fired, Defendant, by and through the officers and managers at GOSA, knew Ms. Owens would continue to need accommodations for her disability and/or record of disability.

65.

Moreover, at all times relevant hereto, Ms. Owens has been a qualified individual with a disability in that she was able to perform the essential functions of her job either with or without accommodation.

66.

When Ms. Owens was fired, she had been effectively performing the essential job functions of her job despite her disability/ record of disability with and without the use of reasonable accommodations.

67.

Defendant, by and through its agents at GOSA, fired Ms. Owens because of the need to provide her with reasonable accommodations.

68.

Defendant, by and through its agents at GOSA, fired Ms. Owens because of her impairments without obtaining an objective medical assessment to determine what reasonable accommodations, if any, she would continue to need.

69.

In terminating Ms. Owens's employment, Defendant violated Section 504 of the Rehabilitation Act which prohibits discrimination against an otherwise qualified individual with a disability because of the need to make reasonable

accommodations for her impairments.

70.

Defendant, by and through its agents at GOSA, intentionally, with reckless indifference to Ms. Owens's rights, violated Section 504 of the Rehabilitation Act by terminating her employment, despite the clear prohibition of taking adverse action against otherwise qualified individuals based on the need for reasonable accommodation.

71.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Owens has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

72.

In addition, Defendant's actions have caused, continue to cause, and will cause Ms. Owens to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT FIVE
### RETALIATION IN VIOLATION OF THE REHAB ACT

73.

Ms. Owens incorporates by this reference all the preceding paragraphs of the Complaint.

74.

Ms. Owens engaged in a protected activity when she requested a reasonable accommodation under the Rehab Act.

75.

GOSA retaliated against Ms. Owens for challenging its unlawful actions in violation of the Rehab Act.

76.

As a direct and proximate result of GOSA's violations of the Rehab Act, Ms. Owens has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

77.

GOSA engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Ms. Owen's rights.

## COUNT SIX
### PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT

78.

Plaintiff incorporates by reference all the preceding paragraphs of the Complaint.

79.

GOSA discriminated against Ms. Owens because of her pregnancy by terminating her employment rather than temporarily accommodating her pregnancy-related medical restrictions.

80.

In terminating Ms. Owens' employment rather than granting her medical leave to accommodate her pregnancy-related disabilities, Defendant treated Ms. Owens less favorably than similarly situated employees outside of her protected class (female/pregnant), in violation of Title VII and the PDA.

81.

Ms. Owens' pregnancy was a motivating factor in GOSA's decision to terminate her employment.  Ms. Owens would not have been terminated if she had not suffered pregnancy related medical conditions.

82.

GOSA acted with reckless disregard for Ms. Owens' rights under federal law.

83.

GOSA's discriminatory actions violate Title VII and the Pregnancy Discrimination Act.

84.

As a direct and proximate result of GOSA's unlawful and discriminatory employment practices, Ms. Owens has suffered and continues to suffer loss of earnings and benefits, emotional distress, inconvenience, humiliation, and other indignities compensable under Title VII and the PDA, for which the GOSA is liable.

85.

GOSA acted maliciously, willfully, wantonly, oppressively, or recklessly, toward Ms. Owens.

## **RELIEF**

Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a)    judgment in favor of Plaintiff and against Defendant under all Counts of the Complaint for its unlawful employment practices;

(b)    an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII, the PDA and the ADAAA and from retaliating against Plaintiff or any witness for their participation in this action;

(c)    damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)    equitable restitution and relief sufficient to cover life, disability, or health insurance and any lost retirement benefits due to Defendant's wrongful termination of Plaintiff's employment;

(e)    compensatory damages for Plaintiff's mental and emotional distress incurred as a result of Defendant's unlawful actions;

(f)    reasonable attorney's fees and costs; and

(g)    such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of December, 2019.

LEGARE, ATTWOOD & WOLFE, LLC

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com

- 23 -

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Attorney for Plaintiff